UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAQUOREY RASHAWN CARTER,<br><br>Defendant. | No. 2:18-cr-255 WBS<br><br>MEMORANDUM AND ORDER RE: MOTION TO RECONSIDER |

----oo0oo----

Defendant has filed a motion in which he requests that the court reconsider its denial of his motion for a new trial. (Docket No. 103.) Although defendant does not raise any new or different facts or circumstances than those presented on his motion for new trial, and does not point to any intervening change in the law, the court will revisit whether its decision was manifestly unjust. See United States v. Vasquez, No. 2:11-cr-101 WBS, 2014 WL 2548638, at *1 (E.D. Cal. June 5, 2014) (noting that some courts rely on the standard set forth in

1

Federal Rule of Civil Procedure 59 to assess motions to reconsider in criminal cases) (citations omitted).[1]

At the time the court considered the motion for new trial, it was also presented with defendant's motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, and the motion for new trial was almost an afterthought.  Indeed, defendant made a Rule 29 motion during trial and another after trial, and only requested a new trial for the first time in his "Supplement" to his post-trial motion for acquittal.  (See Docket No. 97.)  The portion of the "Supplement" devoted to the request for a new trial was only half a page long, and the parties' arguments at the February 18, 2020 hearing on the motions centered on the motion for acquittal.

Accordingly, the court's analysis at the hearing focused on the motion for acquittal.  In its ruling, delivered orally from the bench, the court spent several minutes (and several pages of transcript) discussing in detail whether the evidence, viewed in the light most favorable to the prosecution, was adequate to allow any rational trier of fact to find the

---

[1] While the court revisits its decision on the motion for new trial, the court rejects defendant's contention that he has presented new or different facts or circumstances because he has now cited to the trial transcripts and the transcript of the hearing on motions in limine, which were not available during the 14-day time frame required for motions for new trial.  See Fed. R. Crim. P. 33(b)(2) ("Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.").  Allowing a defendant to file a motion to reconsider once transcripts became available would render Rule 33(b)(2)'s deadline meaningless.  Moreover, the underlying facts supporting defendant's request for a new trial did not change once the transcripts became available.

essential elements of the crime beyond a reasonable doubt on Count 2.  The court mentioned the motion for new trial only in passing, without stating the legal standard for such a motion, explaining only that (1) the court could not try this case "any better the second time around," (2) it had "no reason to think it would be tried any differently by counsel the second time around," and (3) it could not "justify putting the Government and the public to the burden of a new trial under the circumstances." (Docket No. 111 at 33.)

Upon further reflection, the court now believes it paid insufficient attention to the difference between the standard for evaluating a motion for acquittal under Rule 29 and the standard for evaluating a motion for new trial under Rule 33.  Rule 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  Fed. R. Crim. P. 29(a). "A motion for Judgment of Acquittal is reviewed on a sufficiency-of-the-evidence standard."  United States v. Graf, 610 F.3d 1148, 1166 (9th Cir. 2010) (quoting United States v. Stoddard, 150 F.3d 1140, 1144 (9th Cir. 1998)).  "Under that standard, evidence supports a conviction, if, viewed in the light most favorable to the government, it would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." Id. (quoting Stoddard, 150 F.3d at 1144).  "In ruling on a Rule 29(c) motion, a district court must bear in mind that 'it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts.'"  United States v. Rojas, 554 F.2d

3

938, 943 (9th Cir. 1977) (quoting United States v. Nelson, 419 F.2d 1237, 1241 (9th Cir. 1969)).

In contrast, under Federal Rule of Criminal Procedure 33(a), a "court may vacate any judgment and grant a new trial if the interest of justice so requires." The burden of justifying a new trial rests with the defendant, United States v. Endicott, 869 F.2d 452, 454 (9th Cir. 1989), and "[a] motion for new trial is directed to the discretion of the judge," United States v. Pimentel, 654 F.2d 538, 545 (9th Cir. 1981). While the burden on a motion for new trial is not as demanding as that for a motion for acquittal, such motions are generally disfavored and should only be granted in exceptional cases. See United States v. Del Toro-Barboza, 673 F.3d 1136, 1153 (9th Cir. 2012).

The court remains convinced that its ruling on the Rule 29 motion was correct. Notwithstanding what the court may have thought about the persuasiveness of the evidence, a reasonable juror could have found that defendant committed all the elements of the offense charged in Count 2, given the evidence presented at trial. That evidence included the September 21, 2018 phone call between defendant and Culbert during which defendant stated he would "beat" Culbert's "ass", as well as the September 29, 2018 episode where the jury may have concluded that defendant participated in Antonio Long's assault of another sex worker, Melonie Dyett, by standing in the door of the car to prevent her from escaping.

However, on a motion for a new trial under Rule 33, "[t]he court is not obliged to view the evidence in the light most favorable to the verdict, and it is free to weigh the

4

evidence and evaluate for itself the credibility of the witnesses." United States v. Kellington, 217 F.3d 1084, 1097 (9th Cir. 2000) (citation omitted). In the court's view, a stronger inference of the phone call is that Culbert did not take the threats seriously, given that she laughed during the call and there is no evidence that defendant used physical force against her or anyone else. That phone call was also the only evidence of anything that could be characterized as a threat made by defendant against Culbert or anyone else. Further, the government's failure to call Culbert as witness means that the jury could only speculate as to whether she viewed defendant's statements as an actual threat or as a joke.[2]

The admission of evidence of Long's assault at the Villa Park Hotel also gravely concerns the court. Much of the trial was focused on that episode, which in the court's view did not show that defendant used any force or even condoned the use of force against Dyett or anyone else. Rather, defendant's conduct during and after the episode suggests that he was taken by surprise by Long's actions. The evidence connecting Culbert to the episode was also very tenuous. While there is sufficient evidence from which a juror could find that Culbert was aware of the assault, based on her probable location that day, she did not testify and no evidence directly shows that she witnessed it. Moreover, there is no evidence that defendant ever assaulted

---

[2] While the court does not hold that a victim must testify in order to support a conviction for sex trafficking by force, fraud, or coercion under 18 U.S.C. § 1591, the court is unaware of any case where such a conviction has been upheld without the testimony of the victim.

Culbert or any other sex worker.

Overall, had the court known before trial how little evidence would ultimately connect Long's assault of Dyett to defendant's conduct toward Culbert, the court would not have admitted evidence of that episode under Rule 403 of the Federal Rules of Evidence. There is also a high risk that the jury used evidence of this episode to assume that defendant must have used force, threats of force, or coercion against Culbert, assuming that if defendant's colleague acted in such a manner, defendant did likewise.[3]

In light of the foregoing, the court determines that the jury's verdict on Count 2 was manifestly unjust, and the interests of justice require a new trial on that count. See Fed. R. Crim. P. 33(a); Kellington, 217 F.3d at 1097.

IT IS THEREFORE ORDERED that defendant's Motion to Reconsider (Docket No. 103) be, and the same hereby is, GRANTED; defendant's motion for a new trial on Count 2, Sex Trafficking by Force, Threats of Force, or Coercion, in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1), is hereby GRANTED; and the conviction on said count is hereby VACATED.

Dated:   June 30, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3] Further, as discussed by the court at the hearing on the motions for acquittal and new trial, "micromanaging" Culbert does not constitute a violation of 18 U.S.C. § 1591, and defendant's statement that he would make another woman "ho without her consent" does not show that defendant would use force, threats, or coercion against that woman or Culbert, or that Culbert was aware of this or similar statements. (Docket No. 111 at 28-29.)