UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                Plaintiff,

     v.

JAQUOREY RASHAWN CARTER,

                Defendant.

CASE NO.  2:18-CR-255-WBS

ORDER EXCLUDING TIME UNDER SPEEDY TRIAL ACT

This matter is before the Court on the parties' request for a status conference regarding sentencing on Count 1 of the Indictment and a potential retrial on Count 2.  ECF Nos. 145, 146.  The parties appeared before the Court on July 13, 2020.  ECF No. 148.  Assistant U.S. Attorney Brian A. Fogerty appeared on behalf of the United States.  Assistant Federal Defender Lexi Negin appeared on behalf of her client, Jaquorey Rashawn Carter.  At the hearing, the Court heard from counsel, considered the record, and now makes the following findings:

1.      On December 13, 2018, a Grand Jury returned a two-count Indictment charging Carter with Sex Trafficking of a Child, in violation of 18 U.S.C. § 1591(a)(1), (b)(2) (Count 1), and Sex Trafficking by Force, Threats of Force, or Coercion, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1).  ECF No. 11.

2.      On February 4, 2020, this Court empaneled a jury and conducted a 6-day jury trial regarding the charges in the Indictment.  ECF No. 72.  On February 12, 2020, the jury found Carter guilty of both counts in the Indictment.  ECF Nos. 95, 99.

3.      On February 13, 2020, Carter filed a motion for a new trial on Count 2, pursuant to Federal Rule of Criminal Procedure 33(a).  ECF No. 97.  The Court denied that motion on February 18,

2020.  ECF No. 102.

4.     On February 26, 2020, Carter filed a motion for reconsideration of the denial of his Rule 33(a) motion.  ECF No. 103.  On April 3, 2020, Carter filed a supplement to his motion for reconsideration.  ECF No. 130.  The government opposed the motion for reconsideration.  ECF Nos. 105, 134.

5.     On June 30, 2020, the Court entered an Order granting Carter's motion for reconsideration and motion for a new trial on Count 2.  ECF No. 144.  In that Order, the Court vacated the jury's guilty verdict on Count 2 of the Indictment.  ECF No. 144.

6.     At the July 13, 2020 status conference in this matter, the Court granted the government's request for an additional status conference to be held on August 3, 2020, at 10:00 a.m.  The Court also ruled that the time between July 13, 2020, and the August 3, 2020 status conference shall be excluded from the time period in which a trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).  The Court FINDS that the following facts support the above-described exclusion of time under Section 3161(h)(7):

a.     On May 13, 2020, the Chief Judge of this District issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, the Chief Judge's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, the Chief Judge of this District has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19. Those concerns arising from the ongoing pandemic still exist on the date of this Order.

b.     The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7).  Although the Speedy Trial Act does not directly

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1    address continuances stemming from pandemics, natural disasters, or other

2    emergencies, this Court has discretion to order a continuance in such circumstances.

3    For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

4    following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir.

5    1981).  The court recognized that the eruption made it impossible for the trial to

6    proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329

7    (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001

8    terrorist attacks and the resultant public emergency).  The coronavirus is posing a

9    similar, albeit more enduring, barrier to the prompt proceedings mandated by the

10   statutory rules.

11        c.   In addition to the public health concerns cited by the General Orders and declarations

12             of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-

13             of-justice delay is particularly apt in this case because at this time, the court and the

14             parties must plan and prepare to conduct a jury trial while employing procedures to

15             mitigate the risk of spreading COVID-19 to the trial participants and the public.  The

16             first trial in this case consisted of 6 court days, and included more than 20 witnesses,

17             some of whom traveled from outside of the Sacramento region and/or the state of

18             California.  The government represents that a second trial in this case will include

19             many of the same witnesses—including those who must travel from outside of the

20             Sacramento region and/or the state of California.  The government has also

21             represented that the retrial will consist of several days of witness testimony.  This

22             case requires a determination by the Court and the parties about how to conduct this

23             specific trial with these witnesses in light of current social distancing requirements,

24             travel restrictions and potential quarantine requirements, and other COVID-19-related

25             health concerns.

26        d.   Because defense counsel advised that defendant does not require an exclusion of time

27             in order to prepare for trial and does not request a finding of excludable time on that

28             basis, the court does not base its finding upon that ground.

1    Accordingly, the Court finds that, based on the facts set forth herein and during the July 13, 2020

2    hearing, the ends of justice served by continuing the case as requested outweigh the best interest of the

3    public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

4    **IT IS ORDERED** that, for the purpose of computing time under the Speedy Trial Act, 18 U.S.C.

5    § 3161, et seq., within which retrial must commence, the time period of July 13, 2020 to August 3, 2020,

6    inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A) because it results from a

7    continuance granted by the Court on the basis of the Court's finding that the ends of justice served by

8    taking such action outweigh the best interest of the public and the defendant in a speedy trial.

9    **IT IS SO ORDERED**.

10   Dated:  July 14, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE