1  McGREGOR W. SCOTT
   United States Attorney
2  BRIAN A. FOGERTY
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA
10

11 | UNITED STATES OF AMERICA,        | CASE NO. 2:18-CR-255 WBS
12 |           Plaintiff,             |
13 |     v.                           | STIPULATION AND AMENDED PROTECTIVE ORDER REGARDING DISCOVERY
14 | JAQUOREY RASHAWN CARTER,         |
15 |           Defendant.             |
16

17

18         Pursuant to Fed. R. Crim. P. 16(d), 18 U.S.C. §§ 3509(d)(3) and 3771(a), the undersigned parties

19 and counsel of record in *United States v. Long Andrews*, 2:18-CR-256-MCE, stipulate and agree, and

20 respectfully request that the Court vacate the protective order entered by the Honorable Allison Claire

21 on January 3, 2019 (ECF No. 16), and enter the following amended protective order, which permits

22 counsel of record for Antonio Deshawn Long Andrews, defendant in *United States v. Long Andrews*,

23 2:18-CR-256-MCE, to obtain and review discovery produced in this case according to the terms of this

24 Court's Order that:

25         1.      This Order pertains to all discovery provided to or made available to defense counsel that

26 contains the name of, or other potentially identifying information about, a minor victim or minor witness

27 (hereafter, collectively known as "protected discovery").

28 ///

2. The term "defense counsel" shall include counsel of record for defendant Jaquorey Rashawn Carter in this case and counsel of record for Antonio Deshawn Long Andrews in *United States v. Long Andrews*, case number 2:18-CR-256-MCE.

3. The term "defendant" shall include Jaquorey Rashawn Carter and Antonio Deshawn Long Andrews.

4. Defense counsel shall not disclose any of the protected discovery or its contents directly or indirectly to any person other than their respective defendant/client, potential witnesses that they are interviewing or preparing for trial, counsel for those witnesses, or anyone employed by defense counsel (such as attorneys, paralegals, secretaries, experts, investigators, and law clerks) in connection with the representation of the defendant in this criminal case or in case number 2:18-CR-256-MCE.

5. While the defendant is in custody, the defendant may view the protected discovery in the presence of defense counsel and/or a defense investigator, but may not retain a copy or otherwise disseminate the contents. If the defendant is released from custody, and requests a copy of his client file from defense counsel, the defendant may obtain a copy of the protected discovery, so long as defense counsel first redacts the victims' names, the names of any minor witnesses, and any other information that could be used to identify the victim or minor witnesses before providing him with the copy he requests. The defendant agrees not to disclose the protected discovery or its contents in accordance with 18 U.S.C. § 3509(d)(1).

6. The protected discovery and information therein may only be used in connection with the litigation of this case or *United States v. Long Andrews*, case number 2:18-CR-256-MCE, and for no other purpose.

7. In the event the defendant obtains habeas counsel, undersigned counsel may provide habeas counsel with a copy of the protected discovery after habeas counsel has been provided a copy of this Order. Habeas counsel shall also be held subject to this Order and must abide by its provisions concerning defense counsel.

8. Defense counsel will store the protected discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement or 18 U.S.C. § 3509(d).

9. If defense counsel makes, or causes to be made, any further copies of any of the protected discovery, defense counsel will ensure that the following notation is physically written or inscribed on each copy made, if the confidentiality of the documents is otherwise not already present on the copied file(s): "CONFIDENTIAL – May Not Be Disseminated Except in Accordance With Court Protective Order."  For example, if defense counsel makes a copy of an audio or video file that falls within the protections of this Protective Order, she must physically mark the copy of that file with: "CONFIDENTIAL – May Not Be Disseminated Except in Accordance With Court Protective Order."

10. If defense counsel releases custody of any of the protected discovery, or authorized copies thereof, to any person described in paragraph four, defense counsel shall first provide such recipients with copies of this Order.  The parties agree that defense counsel, defense investigators and support staff shall not provide the protected discovery to the defendant or any other witness or copies of the protected discovery, except for the limited situations identified in this Order.

11. Defense counsel shall advise the government counsel of any subpoenas, document requests or claims for access to the protected discovery by third parties if defense counsel is considering disseminating any of the protected discovery to a third party in order that the government may take action to resists or comply with such demands as it may deem appropriate.

12. Defense counsel shall be responsible for advising the defendant, or her client, her employees and other members of the defense team, and defense witnesses of the contents of this Order. Defense counsel shall not provide or make available to any person described in paragraph four the protected discovery until that individual has been provided a copy of this Order by defense counsel.

13. The parties agree to abide by 18 U.S.C. § 3509(d)(2) with regard to court filings.

14. If it becomes necessary to refer to a victim or child witness during any public court proceeding or in a public court filing, the parties shall use agreed upon pseudonyms of "Victim A" or "Witness 1," *et seq.*

///
///
///
///

STIPULATION AND AMENDED PROTECTIVE ORDER        3

15. Nothing in this Order shall preclude a party from seeking a more restrictive protective order or other court order with regard to particular discovery items.

Respectfully Submitted,

McGREGOR W. SCOTT
United States Attorney

Dated: November 13, 2020        By: /s/ BRIAN A. FOGERTY
                                    BRIAN A. FOGERTY
                                    Assistant United States Attorney


Dated: November 13, 2020        By: /s/ LEXI P. NEGIN
                                    LEXI P. NEGIN
                                    Assistant Federal Defender
                                    Attorney for Jaquorey Rashawn Carter


Dated: November 13, 2020        By: /s/ TONI WHITE
                                    TONI WHITE
                                    Attorney for Antonio Long Andrews,
                                    Case No. 2:18-CR-256-MCE

By agreement of the parties, and good cause appearing, IT IS SO ORDERED.

Dated:  November 13, 2020

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

STIPULATION AND AMENDED PROTECTIVE ORDER                4