UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>JAQUOREY RASHAWN CARTER,<br><br>Movant. | Case No.  2:18-cr-0255-WBS-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

Movant Jaquorey Rashawn Carter, a federal prisoner proceeding without counsel, moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  ECF No. 192.  He contends (1) that his counsel was ineffective for failing to (a) properly move to exclude "other acts" evidence; (b) move for a limiting instruction regarding the improperly admitted "other acts" evidence; (c) move to sever counts; (d) follow movant's request for a bench trial; (e) use the "mistake of law" theory of defense; (2) that the district court committed structural error in admitting the "other act" evidence, and (3) that his conviction for sex trafficking a minor is in error because he did not have the proper state of mind to be convicted.[1]  *Id.* at 18-40.  Respondent

---

[1] Movant also mentions in passing that his criminal history points were erroneously calculated and challenges his lack of ability to testify in his own defense.  *See* ECF No. 192 at 13. In the body of his motion, however, he does not address these issues.  *See generally id.* Respondent does not address these issues in its answer.  *See* ECF No. 205.  These issues will not

1

has filed an answer, ECF No. 205, and movant a reply, ECF Nos. 212 & 213.  After reviewing the motion and record, I recommend that the motion be denied.

**Background**

In December 2018, movant was indicted on one count of sex trafficking a child, B.T., in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2) ("Count 1"), and sex trafficking by force, fraud, or coercion of K.C. in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1) ("Count 2").  ECF No. 11.

Before trial, the government notified movant that it intended to introduce evidence of "other acts" at trial, including evidence that movant assisted another individual in assaulting a sex worker in September 2018.  ECF No. 43 at 7.  Through counsel, movant filed a motion in *limine* to exclude this evidence.  *Id.*  He argued that the evidence was inadmissible under under Federal Rules of Evidence 404(b) and 403.  *Id.* at 10-12.  He contended that this evidence was irrelevant to Count 1 and to Count 2, the evidence did not tend to prove a material issue in the case, it was not similar to the charged offense, it was not based on sufficient evidence, and it was too remote. *Id.* at 10.

At a hearing on the motion, the government argued that the assault evidence was connected to Count 2 because K.C. observed movant engage in violence against other sex workers, which demonstrated that K.C. was participating in commercial sex acts under fear of violence, threats, or coercion.  ECF No. 110 at 4.  In response, movant's counsel argued that she had not seen any evidence that K.C. had witnessed the attack on the other sex worker, and that if K.C. testified to that fact, it would likely be appropriate to introduce the evidence.  *Id.* at 10-11.  The court stated it would not rule on the issue at the hearing and would wait to see if the government could produce evidence demonstrating that K.C. observed the attack.  *Id.* at 11.

Movant proceeded to trial, which lasted six days.  *See* ECF Nos. 126-29, 132-33.  The assault evidence was introduced at trial.  *See generally* ECF No. 205-1 at 475-78.  Ultimately, the jury found movant guilty on both counts.  ECF No. 99.

---

be addressed herein; they are insufficiently pled.  *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (holding that "conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief").

1        Among other motions, movant filed a motion for new trial under Federal Rule of Criminal
2   Procedure 33. ECF No. 97. He argued that insufficient evidence supported his Count 2
3   conviction, and that the admission of the sex worker assault did not sufficiently establish that
4   movant used force, threats, or coercion against K.C. *Id.* at 6-7. The government opposed the
5   motion. ECF No. 101.

6        The court originally denied movant's motion, ECF No. 102, but movant asked for
7   reconsideration, ECF Nos. 103 & 130, which the court granted, ECF No. 144. The court stated
8   that the admission of the sex worker assault "gravely concern[ed]" it, and that it did not believe
9   that the evidence showed that movant used any force or condoned the use of force against the sex
10  worker. *Id.* at 5. It explained that, had it known before trial how little evidence would connect
11  the assault to movant's conduct toward K.C., it would not have admitted the evidence to support
12  the government's case on Count 2. *Id.* at 6. Accordingly, it granted movant's motion for new
13  trial on Count 2 and vacated the conviction on that count, *id.*, which the government chose to not
14  challenge on appeal, *see* ECF No. 173.

15       The parties moved to sentencing. Movant was ultimately sentenced to 168 months'
16  imprisonment on Count 1. ECF No. 173.

17       Movant appealed his conviction and sentence for Count 1. *See United States v. Carter*,
18  No. 20-10299, 2021 WL 5984904 (9th Cir. Dec. 16, 2021). On appeal, movant was represented
19  by new counsel. ECF No. 175. Relevant here, he argued that the introduction of the sex worker
20  assault evidence was prejudicial to his Count 1 conviction, and that conviction should be vacated,
21  too. *Carter*, 2021 WL 5984904, at *1. The Ninth Circuit disagreed, holding:

> Here, the district court found that its admission of the [sex worker] assault evidence warranted a new trial as to count two—but not count one—under Federal Rule of Criminal Procedure Rule 33(a) because Carter had little to no involvement in the [sex worker] assault, and the evidence did not suggest that Carter ever actually used force against any of the women involved in his enterprise. In fact, on the one occasion of record that Carter allegedly threatened [K.C.], she laughed at him. The district court therefore found that the jury was likely unfairly prejudiced by the graphic nature of the [sex worker] assault evidence when finding that Carter similarly trafficked [K.C.] using force or threats of force.

3

> We find that any error in admitting evidence of the [sex worker] assault was harmless as to count one.  The government presented overwhelming evidence supporting the sex-trafficking-of-a-minor offense, and the [sex worker] assault evidence in no way related to Carter's trafficking of [B.T.]—the then-minor whom Carter was charged with trafficking.  *See*, *e.g.*, *Carpenter*, 923 F.3d at 1183 (finding that, although evidence of drug use was prejudicial under Federal Rule of Evidence 403, such evidence was nonetheless harmless "[c]onsidering the mountain of evidence against" the defendant).  Indeed, the sex trafficking of a minor count had nothing to do with prostitution by force or threats of force and instead turned on the fact that [B.T.] was a minor when she engaged in sex acts as part of Carter's prostitution enterprise.  Because it is unlikely that the [sex worker] assault evidence prejudiced the jury against Carter as to the sex trafficking of a minor count, we affirm the jury's verdict as to count one.

*Id.* at *2.  Ultimately, the court affirmed movant's conviction and sentence for Count 1.  *Id.* at *3.  Now pending is movant's motion to vacate.

**Discussion**

### I. Legal Standards

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence.  *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002).  Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States.  *Davis v. United States*, 417 U.S. 333, 344-45 (1974); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).  To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").  Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice."  *Davis*, 417 U.S. at 346; s*ee also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

4

## II.   Analysis

### A.   Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are governed by the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984). To make out an ineffective assistance of counsel claim, a movant first must prove that counsel's representation was deficient, falling below an objective standard of reasonableness. *Id.* at 688. To meet this requirement, the movant must overcome a strong presumption that counsel's conduct fell within "the wide range of professionally competent assistance." *Id.* at 690. *Strickland* commands that a court presume that counsel made all significant decisions in the exercise of his or her reasonable professional judgment. *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011).

Second, the movant must show that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 690. To prove prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Conclusory allegations are insufficient to state an ineffective assistance of counsel claim. *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

#### 1.   The "Other Acts" Evidence

First, movant asserts that his counsel performed deficiently in filing the motion to exclude the "other acts" evidence related to the sex worker assault. ECF No. 192 at 20-24. He contends that his trial counsel should have made an additional argument related to the use of "general" force, and that the admission of the evidence had a "spillover effect," which tainted the jury. *Id.* at 21-22. He also avers that trial counsel should have interviewed the perpetrator and victim of the assault and that if he had, counsel would have discovered that the assault did not involve sex work—and counsel could have used that fact to support the motion. *Id.* at 23-24. Respondent argues that this argument is barred under the law of the case doctrine. ECF No. 205 at 29-30.

Movant's ineffective assistance of counsel claim based on counsel's "other acts" motion should be denied. Respondent correctly argues that this issue is dictated by the law of the case.

5

Where a movant has raised an issue on direct appeal and the prior panel addressed it, then that decision is "the law of the case." *United States v. Jingles*, 702 F.3d 494, 498 (9th Cir. 2012). Under the law of the case doctrine, a court is precluded from reexamining an issue that was previously decided by a higher court in the same case. *Id.* at 499.

According to the law of the case, the admission of the "other acts" evidence was harmless as to Count 1. *See Carter*, 2021 WL 5984904, at *2. The Court of Appeals determined that the evidence of guilt presented at trial as to Count 1 was overwhelming and that the other acts evidence was unrelated to Count 1's offense conduct. *See id.* As such, even if movant's counsel should have raised the additional arguments he identifies, he cannot demonstrate that he was prejudiced by counsel's failure to do so, because the admission was harmless. Thus, this claim should be denied.

### 2. Limiting Instruction

Movant also argues that his trial counsel performed ineffectively in failing to move for a limiting instruction regarding the use of the "other acts" evidence. ECF No. 192 at 25-27. He contends that trial counsel should have asked for a limiting instruction regarding the jury's consideration of the "other acts" evidence, because the admission of that evidence confused the jury. *Id.* at 27.

Movant's claim should be denied. First, the argument is conclusory and unsupported by factual allegations, and as such it is insufficient to make out an ineffective assistance of counsel claim. *See Shah*, 878 F.2d at 1161. Additionally, movant's claim fails because he cannot establish that his counsel's failure to move for a limiting instruction resulted in prejudice. As the Ninth Circuit explained, the evidence against movant on Count 1 was "overwhelming," and the evidence of the sex worker assault was unrelated to Count 1. *See Carter*, 2021 WL 5984904, at *2. Even if movant's counsel had asked for a limiting instruction relating to the other acts evidence, there is no support for the conclusion that the outcome of the proceedings would have been different. This claim should be denied.

6

|   |   |
|---|---|
| 1 | **3.    Severing Counts** |

Movant argues that his counsel performed ineffectively in failing to move to sever his counts. ECF No. 192 at 31-32. He contends that the offense conduct in Count 1 was not connected to the offense conduct in Count 2, and that his trial counsel should have asked that the counts be severed so that the evidence of one count would not infect the jury's consideration of evidence of the other count. *Id.*

Movant's claim should be denied. As with the prior claim, this argument is conclusory and unsupported by factual allegations, and as such it is insufficient to state a claim. *See Shah*, 878 F.2d at 1161. Additionally, movant's claim fails because he cannot establish that his counsel's failure to move to sever the counts resulted in prejudice; movant cannot demonstrate that, had he been tried separately on Count 1, a jury would not have found him guilty. Movant faced "overwhelming" evidence of guilt for Count 1. *See Carter*, 2021 WL 5984904, at *2. This claim should be denied.

**4.    Bench Trial**

Movant argues his trial counsel performed ineffectively in filing to honor his desire for a bench trial. ECF No. 192 at 33-35. He contends that he requested a bench trial, but that his counsel refused. *Id.* at 34-35. He argues that he was prejudiced by this because the jury lacked direction, and that he would have fared better at a bench trial. *Id.* at 35.

This claim should be denied. Criminal defendants do not have a right to a bench trial, and compelling a criminal defendant to proceed with a jury trial "against his will" does not violate the defendant's right to a fair trial or due process. *Singer v. United States*, 380 U.S. 24, 36 (1965). As such, movant cannot demonstrate that his counsel's insistence on a jury trial was deficient. *See Strickland*, 466 U.S. at 688.

Furthermore, movant cannot demonstrate that he was prejudiced because he cannot show that he would have been able to proceed with a bench trial. While movant may have wanted a bench trial, he would have had to obtain the consent of the government and the court's approval to obtain one. *See* Fed. R. Crim. P. 23(a). Respondent notes in its response that the government would not have consented to a bench trial. *See* ECF No. 205 at 36 ("Here, the government would

not have consented to a bench trial in [movant's] case."). Thus, movant cannot demonstrate how he was prejudiced by counsel's failure to allow him to move forward with a bench trial, and this claim should be denied.

### 5. Mistake of Law Defense

Movant also argues that his trial counsel performed ineffectively by failing to use the "mistake of law" defense. ECF No. 192 at 39-40. He contends that his trial counsel erred in failing to adequately explain the elements of the offense to him, and in failing to properly argue that he was unaware that the victim was a minor and that the minor was going to engage in commercial sex acts. *Id.* at 40.

This claim should be denied. A person violates 18 U.S.C. § 1591(a)(1) when he knowingly traffics a person "knowing . . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act." Importantly, where the person had "a reasonable opportunity to observe the person [being trafficked], the Government need not prove that the defendant knew, or recklessly disregarded the fact, that the person had not attained the age of 18 years." 18 U.S.C. § 1591(c). The evidence at trial demonstrated that movant had a reasonable opportunity to observe B.T.; as such, the government did not have to prove that movant knew B.T. was a minor. *See id*; *see also* ECF No. 205-1 at 683, 706-09 (B.T. testifying that she had known movant since she was around fifteen years old and engaged in prostitution in rooms rented by movant).

The same is true for the argument that movant did not know B.T. would engage in commercial sex acts. The evidence presented at trial demonstrates the opposite, *see* ECF No. 205-1 at 706-09, 582-88 (officer testimony that B.T. was found in a motel room rented by movant with two other sex workers who were preparing to entertain clients); a contrary argument would have been disingenuous.

Additionally, to the extent movant contends that he was actually ignorant to the fact that engaging minors to engage in commercial sex acts was illegal, "it is axiomatic that ignorance of the law is no defense." *United States v. Smith-Baltiher*, 424 F.3d 913, 924 (9th Cir. 2005). As such, movant's counsel cannot be deemed ineffective for failing to raise these meritless

1 arguments. *See Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) ("The failure to
2 raise a meritless legal argument does not constitute ineffective assistance of counsel.").

### B. Admission of the "Other Acts" Evidence

Movant argues that the district court erred in admitting the "other acts" evidence of the sex worker assault. ECR No. 192 at 22-23, 28-30. He contends that the admission of the evidence is structural error because it affected the framework of his trial. *Id.* at 28. Respondents contend this claim is barred by the law of the case doctrine. ECF No. 205 at 30, 34.

Movant's claim should be denied because it is dictated by the law of the case doctrine. *See Jingles*, 702 F.3d at 499. In movant's direct appeal, the Ninth Circuit concluded that the admission of the "other acts" evidence was harmless as to Count 1. *See Carter*, 2021 WL 5984904, at *2. As such, movant cannot relitigate the issue in his § 2255 motion. *See Jingles*, 702 F.3d at 499.

Additionally, this issue does not qualify as structural error. A structural error is one that cannot be "deemed harmless beyond a reasonable doubt" because it affects the framework within which the trial proceeds rather than being a mere error in the trial process itself. *Weaver v. Massachusetts*, 582 U.S. 286, 294 (2017). Structural errors are "a very limited class" of errors. *United States v. Marcus*, 560 U.S. 258, 263 (2010) (internal quotation marks and citations omitted). For example, the Supreme Court has recognized the following as structural errors: the total deprivation of counsel, the lack of an impartial trial judge, the lack of the option to represent oneself, a violation of the right to a public trial, and an erroneous reasonable-doubt instruction. *Id.* This court cannot find any precedent supporting the idea that the admission of this evidence would qualify as structural error, especially considering that the Ninth Circuit analyzed the issue and deemed the admission harmless, which a structural error cannot be. *See Weaver*, 582 U.S. at 294. Thus, this claim should be denied.

### C. Knowing Victim was a Minor

Movant finally argues that his Count 1 conviction is insufficient under the statute because there was no evidence that he knew the victim was a minor. ECF No. 192 at 36-38. Relying on *Rehaif v. United States*, 588 U.S. 225 (2019), he contends that the use of the word "knowingly" in

9

1  the statute means that he had to have knowledge that the victim was underage at the time of the
2  offense conduct, and that he did not know that his actions were unlawful. *Id.* at 38. Respondent
3  argues that this claim is procedurally defaulted because movant failed to raise it in his direct
4  appeal, and, alternatively, that the claim is meritless. ECF No. 205 at 36-38. In response, movant
5  argues that his appellate counsel performed ineffectively by failing to raise the issue in his direct
6  appeal. ECF No. 212 at 4.

7  Movant's claim should be denied. It is procedurally defaulted, and he cannot overcome
8  the procedural default by arguing ineffective assistance of appellate counsel. In § 2255
9  proceedings, a claim is procedurally defaulted when the movant fails to raise the claim on direct
10 appeal and fails to show either cause and prejudice for that failure or actual innocence. *United*
11 *States v. Ratigan*, 351 F.3d 957, 964 (2003) (citing *Bousley v. United States*, 523 U.S. 614, 622
12 (1998)). Ineffective assistance of counsel can qualify as sufficient "cause" to excuse a procedural
13 default. *Id.* at 964-65. Ineffective assistance of appellate counsel claims are reviewed under the
14 *Strickland* standard. *Cockett v. Ray*, 333 F.3d 938, 944 (9th Cir. 2003). As such, to succeed on
15 an ineffective assistance of appellate counsel claim, movant must demonstrate that his appellate
16 counsel's actions were unreasonable and that there is a reasonable probability that, but for
17 counsel's error, he would have prevailed on appeal. *Id.*

18 As explained earlier, movant's argument that he did not know B.T. was a minor or that
19 she was going to engage in commercial sex acts is belied by record evidence. *See* ECF No. 205-1
20 at 582-88, 683, 706-09. As such, had movant's appellate counsel raised this issue in his appeal,
21 the claims would have been meritless. Appellate counsel cannot be deemed ineffective for failing
22 to raise such arguments. *See Baumann*, 692 F.2d at 572. Because movant has not established
23 cause and prejudice, and makes no argument of actual innocence, the fact that he failed to raise
24 this issue in his direct appeal means that the issue is procedurally defaulted. Accordingly, this
25 claim should be denied.

26 Accordingly, it is hereby RECOMMENDED that:

27 1. Movant's § 2255 motion, ECF No. 192, be DENIED and

28 2. The Clerk of Court be directed to close the companion case 2:23-cv-0482-WBS-JDP.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 20, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE